**ORIGINAL**

FILED

MAY -4 2012

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**David Stebbins**
　　**Plaintiff**
v.
U.S. District Court for the Western District of AR
and
U.S. Court of Appeals for the Eighth Circuit
　　**Defendant**

Case No. 12-_____

12-289 C

## COMPLAINT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following complaint against the above-named Defendants, for the tort of retaliation in violation of both the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973.

Defendants' have made many rulings in cases in which I have been a party that were adverse to me. Many of them make no sense, and simply reek of corruption.

Normally, the courts would be immune from suit under the doctrine of judicial immunity. However, I accuse them of doing this in retaliation to my litigation history; since my litigation history – especially in federal courts – mostly consists of discrimination lawsuits for violations of the Americans with Disabilities Act, that means that they are protected by retaliation laws. No one – not even *courts* – are immune from suit for violations of the Americans with Disabilities Act. See *Tennessee v. Lane*, 541 U.S. 509 (2004).

Coverage is also not an issue. There has to be an employment relationship for there to be a violation of Title I of the ADA; there must be a state entity involved to be a violation of Title II of the ADA, and there must be a privately-owned place of public accommodation for there to be a violation of Title III of the ADA. However, Section 503 of the Americans with Disabilities Act – the section which prohibits retaliation – states that no *person* may retaliate. Literally anyone who is subject to the jurisdiction of the United States is bound by retaliation laws; literally

anyone. Theoretically, I could sue a woman for refusing to be my girlfriend because she does not like the discrimination suits I have filed, and the only thing stopping such a claim would be the constitutional requirement that the federal government may not regulate personal relationships, not the statute itself.

Specifically, here is a non-exclusive list of examples in which the Defendants have retaliated against me:

First, In Case No. 10-3086 in the Western District of Arkansas, and all subsequent appeals, the Courts consistently ruled adversely to me, largely because the people I were suing (Wal-Mart) had the Defendants under their thumb. However, the suit was for discrimination, and so it is protected.

This Court may have to think about this one, as it is not inherently obvious. Discrimination suits are still protected from retaliation, even if the retaliation is geared more towards the identity of the Defendant in the discrimination suit, rather than the fact that the suit is for discrimination. Any other policy would cause retaliation laws to become meaningless. Ninety-nine percent of the time, when a person commits the tort of retaliation, the retaliating party *is* more motivated by the identity of the Defendant rather than the fact that the suit was for discrimination. Imagine if an employer, sued for retaliatory termination, stated in court "I didn't care that the previous suit was for sexual harassment; all I cared about was that the Plaintiff had the unmitigated gall to sue ME!" Would that argument last two seconds in court? Of course not. Therefore, Defendants' actions in the case of Stebbins v. Wal-Mart were still retaliatory.

Second, Case No. 12-3022 in the U.S. District Court for the Western District of Arkansas is currently pending. After being arrested for a crime I can prove I did not commit, I filed suit against the county whose sheriff's department arrested and held me, alleging that the arrest and

RECEIVED
MAY 4 2012
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

subsequent criminal prosecution were themselves done in response to my litigation history (which does not consist entirely of the lawsuit against Wal-Mart, but it *is* majority discrimination). I later filed a motion for leave to file an amended complaint, asking the Defendant to include the State of Arkansas as a joint defendant (since the arrest and criminal prosecutions were done with a direct, malicious retaliatory animus, satisfying the "congruent and proportional" requirement that was affirmed in *Tenn. v. Lane*).

However, the District Court in that case took forever to rule on my application for leave to proceed *in forma pauperis*, and to this day, has not ruled on literally anything else. The Eighth Circuit (the other of the two Defendants in this case) denied, without explanation, my IFP application when I attempted to obtain mandamus relief to stop the procrastination.

Normally, the Courts would be immune from suit, but I'm accusing them of having the same direct, malicious retaliatory animus that the State of Arkansas is currently acting with, with regards to my still-pending criminal charges. *Tenn. v. Lane* unambiguously deprives courts of judicial immunity in such a case.

I request the following relief against the Defendant:

1. Retrospective injunctive relief: Defendants can either (a) re-open the cases which Defendants closed against me, and subsequently reverse all rulings on all motions (including dispositive ones) that were ruled adversely to me because of retaliation, or (b) provide the monetary equivalent to retrospective injunctive relief (similar to back pay in an employment discrimination case) for the litigations which I lost as a result of their retaliation, which, according to my current calculations, come to a grand total of (you may have to brace yourself for this) $1,005,000,000,000.

2. Prospective injunctive relief: To permanently cease and desist their retaliatory actions.

Wherefore, premises considered, I respectfully request that the above-requested relief be granted.

*David Stebbins*

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com