**ORIGINAL**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS



FILED
MAY 21 2012
U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID STEBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12-289C |
| | ) | (Judge Block) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to 28 U.S.C. § 1915(e) and Rules 12(b)(1) and (12)(b)(6) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this motion to dismiss the *pro se* complaint of plaintiff, David Stebbins.

### BACKGROUND

Mr. Stebbins filed this action pursuant to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. §§ 701 *et seq.* See Compl. at 1. Mr. Stebbins alleges that the United States District Court for the Western District of Arkansas and the United States Court of Appeals for the Eighth Circuit issued decisions adverse to him in retaliation for his history of filing employment discrimination lawsuits. *Id.* He contends that the courts' decisions "reek of corruption" and "make no sense." *Id.* Specifically, Mr. Stebbins alleges that the district court in *Stebbins v. Wal-Mart Stores, Inc.*, No. 10-3086 (W.D. Ark. filed Sept. 14, 2010), "consistently ruled adversely to [him]" because he sued for discrimination, *see* Compl. at 2, and the district court in *Stebbins v. Boone Cnty., Ark.*, No. 12-3022 (W.D. Ark. filed Feb. 17, 2012), "took forever to rule on [his] application for leave to proceed *in forma pauperis*, and to this day, has not ruled on literally

anything else," Compl. at 3.[1] Mr. Stebbins also asserts that the court of appeals "denied, without explanation, [his] IFP application" after he filed a petition for a writ of mandamus. *Id.* According to Mr. Stebbins, the courts have acted with "malicious retaliatory animus." *Id.* He describes those cases as "non-exclusive" examples. *Id.* at 2.[2]

Mr. Stebbins seeks injunctive relief against the courts and damages of more than $1 trillion ($1,005,000,000,000.00). Compl. at 3 ¶ 1. He asks this Court to order the district court and the court of appeals to re-open certain cases and to "reverse all rulings on all motions" that the courts decided against him. *Id.* In addition, he asks this Court to order the district court and the court of appeals to "permanently cease and desist their retaliatory actions." *Id.* at 3 ¶ 2.

Mr. Stebbins also filed an application to proceed *in forma pauperis*. That application is pending the Court's review.

---

[1]  The court's docket in that case reflects that Mr. Stebbins filed an application to proceed *in forma pauperis* on February 28, 2012. *See* Application, *Stebbins v. Boone Cnty., Ark.*, No. 12-3022 (W.D. Ark. Feb. 28, 2012), ECF No. 5. The court adjudicated the application about a month later on April 5, 2012. *See* Order, *Stebbins v. Boone Cnty., Ark.*, No. 12-3022 (W.D. Ark. Apr, 5, 2012), ECF No. 11.

[2]  Some of Mr. Stebbins's other Federal lawsuits, not including appeals and mandamus actions, include: *Stebbins v. United States*, No. 12-296 (Fed. Cl. filed May 7, 2012); *Stebbins v. Marczuk*, No. 12-3039 (W.D. Ark. filed Mar. 19, 2012); *Stebbins v. Social Sec. Admin. Comm'r*, No. 12-3032 (W.D. Ark. filed Mar. 8, 2012); *Stebbins v. Boone Cnty., Ark.*, No. 12-3022 (W.D. Ark. filed Feb. 17, 2012); *Stebbins v. Harp & Assoc. Real Estate Servs.*, No. 11-3078 (W.D. Ark. filed Sept. 9, 2011); *Stebbins v. State of Tex.*, No. 11-2227 (N.D. Tex. Filed Aug. 29, 2011); *Stebbins v. Microsoft, Inc.*, No. 11-1362 (W.D. Wash. Filed Aug. 15, 2011); *Stebbins v. Google, Inc.*, No. 11-3876 (N.D. Cal. Filed Aug. 8, 2011); *Stebbins v. Full Sail Univ.*, No. 10-3072 (W.D. Ark. filed Aug 4, 2010); *Stebbins v. Hannah*, No. 11-3058 (W.D. Ark. filed July 21, 2011); *Stebbins v. Legal Aid of Ark.*, No. 11-3057 (W.D. Ark. filed July 20, 2011); *Stebbins v. Kirkpatrick*, No. 11-3042 (W.D. Ark. filed June 16, 2011); *Stebbins v. Harp & Assoc. Real Estate Servs.*, No. 11-3029 (W.D. Ark. filed Apr. 5, 2011); *Stebbins v. NET-ARB, Inc.*, No. 11-3025 (W.D. Ark. filed Mar. 29, 2011); *Stebbins v. Wal-Mart Stores, Inc.*, No. 10-3123 (W.D. Ark. filed Dec. 17, 2010); *Stebbins v. Full Sail Univ.*, No. 10-3090 (W.D. Ark. filed Sept. 27, 2010); *Stebbins v. Wal-Mart Stores, Inc.*, No. 10-3086 (W.D. Ark. filed Sept. 14, 2010); *Stebbins v. Full Sail Univ.*, No. 10-1165 (M.D. Fla. Filed Aug. 5, 2010); *Stebbins v. Richardson*, No. 10-3305 (W.D. Mo. Filed Aug. 2, 2010); *Stebbins v. Univ. of Ark.*, No. 10-5125 (W.D. Ark. filed July 12, 2010); *Stebbins v. Mid States Promotions*, No. 10-3041 (W.D. Ark. filed May 10, 2010).

**ARGUMENT**

I.  Standards Of Review

    A.  Standards Applicable To Proceedings *In Forma Pauperis*

This Court is authorized to allow an indigent plaintiff to file a complaint without paying a filing fee, *i.e.*, to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1915, 2503(d). Congress recognized, however, that "'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citation omitted). Thus, Congress provided that "the court *shall dismiss* the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e) (emphasis added).

    B.  Standards Applicable To A Motion To Dismiss Under RCFC 12(b)(1)

"'Jurisdiction is a threshold issue and a court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits.'" *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1356 (Fed. Cir. 2003) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Although *pro se* plaintiffs are generally held to a less stringent standard, "*pro se* plaintiffs nevertheless must meet jurisdictional requirements," *Stebbins v. United States*, -- Fed. Cl. --, 2012 WL 1664155, at *2 (Fed. Cl. May 14, 2012) (citation omitted), and the Court "may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for

3

*pro se* litigants only," *id.* (quoting *Kelley v. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

The Court's jurisdiction to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citation omitted). The central provision granting consent to suit in this Court is the Tucker Act, which provides in relevant part that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . ." 28 U.S.C. § 1491(a)(1). The Tucker Act is only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. *United States v. Testan*, 424 U.S. 392, 398 (1976). "[T]o invoke jurisdiction under the Tucker Act, a plaintiff must point to a substantive right to money damages against the United States." *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (citation omitted).

C.  Standards Applicable To A Motion To Dismiss Under RCFC 12(b)(6)

A motion to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the plaintiff does not allege facts that entitle him to a remedy. *Godwin v. United States*, 338 F.3d 1374, 1377 (Fed. Cir. 2003). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The motion should be granted when the complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). A claim is "plausible"

when a plaintiff pleads enough factual content to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

II.  The Court Should Summarily Dismiss The *Pro Se* Complaint

Mr. Stebbins fails to state a claim within this Court's jurisdiction — and, thus, the Court should dismiss the complaint — for at least eight reasons.

First, the Tucker Act does not vest this Court with jurisdiction "to review the decisions of district courts . . . relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Mr. Stebbins asks this Court to review decisions of the courts in *Stebbins v. Wal-Mart Stores, Inc.*, No. 10-3086 (W.D. Ark. filed Sept. 14, 2010), and *Stebbins v. Boone Cnty., Ark.*, No. 12-3022 (W.D. Ark. filed Feb. 17, 2012). *See* Compl. at 1-2. He alleges that those decisions "reek of corruption" and are the result of unlawful discrimination against him. *Id.* This Court lacks jurisdiction to review the decisions in those cases under well-established precedent. *See Joshua*, 17 F.3d at 380. The Court should dismiss the complaint on that basis alone.[3]

Second, the Court lacks Tucker Act jurisdiction because Mr. Stebbins asserts a collateral attack on judgments from other courts. A collateral attack is an "attack on a judgment in a proceeding other than a direct appeal . . . ." Black's Law Dictionary, 9th ed. (2009). This Court cannot entertain a collateral attack, because it would "require[] the court to 'scrutinize the actions

---

[3]  Although the complaint designates the district court and the court of appeals as the defendants, "[t]he only defendant against whom suit may properly be brought in this [C]ourt is the United States government." *Howard v. United States*, 74 Fed. Cl. 676, 679 (2006); *see also* 28 U.S.C. § 1491(a)(1). "[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588 (citations omitted); *see also* RCFC 10(a) (requiring pleadings to designate the United States as the party defendant). For purposes of this motion, we construe the complaint as having named the United States as the defendant. We caption our motion accordingly.

5

of" another tribunal." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (citation omitted). "The proper course for a dissatisfied litigant to redress legal errors is through appeal, not by collateral attack on the judgment in a separate lawsuit." *Ullman v. United States*, 64 Fed. Cl. 557, 571 (2005) (citation omitted). To the extent that Mr. Stebbins is not satisfied with the courts' decisions, he must bring his allegations in a direct appeal to the appropriate appellate body, "not by collateral attack on the judgment in a separate lawsuit." *Id.*

Third, the Court lacks Tucker Act jurisdiction because Mr. Stebbins asserts claims pursuant to the ADA and the Rehabilitation Act. "Federal district courts have exclusive jurisdiction over . . . ADA and Rehabilitation Act claims." *Johnson v. United States*, 97 Fed. Cl. 560, 564 (2011) (citation omitted). Because this Court is not a Federal district court, it lacks jurisdiction to hear Mr. Stebbins's claims under the ADA and the Rehabilitation Act. *See id.* This, too, is fatal to the complaint.

Fourth, to the extent that Mr. Stebbins seeks injunctive relief, *see* Compl. at 3-4, this Court lacks authority to grant it. *See Bobula v. U.S. Dep't of Justice*, 970 F.2d 854 (Fed. Cir. 1992). The Court can only award equitable relief that is "incidental to and collateral to a claim for money damages," *id.* at 859 (citation omitted), or related to its bid protest jurisdiction pursuant to 38 U.S.C. § 1491(b)(2). Mr. Stebbins does not present such a claim because he fails to "point to a substantive right to money damages against the United States," *James*, 159 F.3d at 580 (citation omitted), nor does he identify any procurement decision. Thus, the Court lacks jurisdiction to award equitable relief.

Fifth, even if jurisdiction were proper, Mr. Stebbins fails to state a claim of retaliation under the ADA and the Rehabilitation Act. "[T]here is a presumption that public officers perform their duties correctly, fairly, in good faith, and in accordance with the law and governing

regulations . . . ." *Alaska Airlines, Inc. v. Johnson*, 8 F.3d 791, 795 (Fed. Cir. 1993) (citation omitted). Thus, "in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties." *Rizzo v. Shinseki*, 580 F.3d 1288, 1292 (Fed. Cir. 2009) (citation omitted). The doctrine "allows courts to presume that what appears regular is regular, the burden shifting to the attacker to show the contrary." *Id.* (citation omitted). Mr. Stebbins alleges that the district court issued decisions in a retaliatory manner, *see* Compl. at 1-3, but he makes no supporting factual allegations. Mr. Stebbins fails to overcome the presumption that the courts acted in good faith. *See Alaska Airlines,* 8 F.3d at 795.

Sixth, again assuming that jurisdiction were proper, Mr. Stebbins fails to state a claim of retaliation under the standards set forth by the Supreme Court in *Iqbal*, 556 U.S. at 678. Mr. Stebbins fails to "state a claim to relief that is plausible on its face," because he does not plead enough "factual content that allows the Court to draw the reasonable inference that the defendant is liable" for retaliation. *Id.* (citations omitted). Mr. Stebbins alleges that because the courts have ruled against him, and because he has a long history of filing discrimination lawsuits, the courts' adverse rulings were because of his litigation history. Compl. at 2-3. Mr. Stebbins alleges no facts to support such a conclusion.

Seventh, putting aside all of these defects, Mr. Stebbins still fails to state a claim because he misconstrues the law of discrimination and retaliation. Compl. at 1-2. Mr. Stebbins alleges that he can sue for retaliation because "[l]iterally anyone who is subject to the jurisdiction of the United States is bound by retaliation laws; literally anyone." *Id.* at 1. Mr. Stebbins reasons that "[t]heoretically, [he] could sue a woman for refusing to be [his] girlfriend because she does not like the discrimination suits [he has] filed . . . ." *Id.* at 2. Mr. Stebbins is mistaken. Remedies for violation of the ADA's anti-retaliation provision are available to aggrieved persons with

respect to three subchapters of the ADA: subchapter I (relating to employment), subchapter II (relating to public services), and subchapter III (relating to public accommodations and services provided by private entities). 42 U.S.C. § 12203(c). Mr. Stebbins's claims bear no apparent relation to any of those provisions. The Federal courts did not employ Mr. Stebbins, and they did not act as a private entity to provide public accommodations or services. *See id.* Subchapter II, the only provision that could be remotely relevant, applies only to state and local governments. *See id.* § 12131(a) (excluding the Federal Government from the definition of a "public entity"). That provision does not apply here.

Finally, the complaint is also barred by the doctrine of judicial immunity. Absolute immunity is available for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges operating within their subject matter jurisdiction fall within the category of officials entitled to such immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (noting that judicial immunity is a "long-established principle."). Thus, unless a court acts in "clear absence of all jurisdiction," or the court's act was not "judicial" in nature, the court is absolutely immune even when "the action [the judge] took was in error, was done maliciously, or was in excess of his authority." *Id.* at 356-57 (citation omitted). Mr. Stebbins's complaint is based upon the district court's conduct in ruling against him. The district court's decision-making falls within its subject matter jurisdiction. "[N]o one, including plaintiff, may sue judges for damages because [he] disagrees with the judge's decision — judges are immune from such lawsuits." *O'Connor v. United States*, No. 09-116C, 2009 WL 2612490, at *2 (Fed. Cl. Aug. 7, 2009) (citations omitted). Because of judicial immunity, the complaint fails to state a claim that is cognizable in any court, including this Court.

Mr. Stebbins contends that judicial immunity does not apply because the complaint alleges "malicious retaliatory animus." Compl. at 3. That argument is without merit. The judicial immunity afforded judges "is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Mr. Stebbins further asserts that *Tennessee v. Lane*, 541 U.S. 509 (2004), "unambiguously deprives courts of judicial immunity" when a case involves alleged retaliatory animus. Compl. at 1, 3. *Lane* does not support Mr. Stebbins's assertion. There, the Supreme Court considered whether Title II of the ADA, 42 U.S.C. §§ 12131-12165, exceeds Congress's power under the Fourteenth Amendment. *Lane*, 541 U.S. at 513. The Supreme Court held that Title II constitutes a valid exercise of Congress's authority "to enforce the guarantees of the Fourteenth Amendment." *Id.* at 534. This case does not involve a challenge to Congress's power to enact the ADA. Nor does it involve a challenge to the constitutionality of any statute. *Lane* is therefore inapposite.

## CONCLUSION

For these reasons, the Court should dismiss the complaint for lack of jurisdiction or, in the alternative, for failure to state a claim.

                                                   Respectfully submitted,

                                                   STUART F. DELERY
                                                 Acting Assistant Attorney General

                                                 JEANNE E. DAVIDSON
                                                 Director

                                                 */s/ Martin F. Hockey*

                                                 MARTIN F. HOCKEY, JR.
                                                 Assistant Director

                                                 */s/ Michael S. Macko*

                                                 MICHAEL S. MACKO
                                                 Trial Attorney
                                                 Commercial Litigation Branch
                                                 Civil Division
                                                 U.S. Department of Justice
                                                     Attn:  Classification Unit, 8th Floor
                                                 P.O. Box 480
                                                 Ben Franklin Station
                                                 Washington, DC 20044
                                                 Tel:  (202) 307-0184
                                                 Fax:  (202) 514-8624
                                                 Michael.S.Macko@usdoj.gov

May 21, 2012                                       Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this __21__ day of May, 2012, I caused to be placed in the United States mail (first-class, postage prepaid), copies of "Defendant's Motion To Dismiss" addressed as follows:

>David Stebbins, *pro se*
>123 W. Ridge St.
>Apt. D
>Harrison, AR  72601

*Sue Smith*