ORIGINAL

FILED
JUN 8 2012
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DAVID STEBBINS                                              PLAINTIFF

VS                         CASE NO. 12-289

UNITED STATES                                               DEFENDANT

### RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following response in opposition to Defendant's motion to dismiss.

**This Court does not *need* "Tucker Act" jurisdiction.**

Although Defendant states that this Court's primary jurisdiction is from the Tucker Act, it is not this Court's only jurisdiction. This Court has jurisdiction "to render judgment upon ***any claim*** against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department." See 28 USC § 1491(a). This gives this Court a very broad jurisdiction indeed, despite the Defendant's advocacy of limited jurisdiction. In fact, this Court has jurisdiction in all cases except tort cases; a discrimination/retaliation claim is not a tort case; it is a civil rights case.

Defendant cites the case of Joshua v. United States in support of its defense. However, Joshua simply attempted to assert a Bivens Action, of sorts, whereas I really am presenting a separate cause of action: The Americans with Disabilities Act. In Joshua, the case was dismissed because "The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code and the due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation." See *id* at 379.

**Collateral attacks are allowed when judicial immunity is inapplicable.**

Defendant attempts to call my claim a "collateral attack," and you know what? What

maybe it is! However, collateral attacks are valid when judicial immunity does not apply, which I have established (and will re-establish, in this response) is the case here. For example, in the case of *Lopez v. Vanderwater*, 620 F.2d 1229 (1980), Judge Vanderwater was held to not be immune from suit under § 1983, and was, therefore, subject to monetary damages. The same happened in *Rankin v. Howard*, 633 F.2d 844 (1980).

Furthermore, the case of *Tenn. v. Lane*, 541 U.S. 509 (2004), the Supreme Court rejected judicial immunity, and affirmed that monetary damages could be sought *against that Court*! Not only does this mean that the Supreme Court affirmed a collateral attack, but even upheld the Americans with Disabilities Act as a "money-mandating" statute.

Besides, even if appeal is preferred over a collateral attack, the bottom line, here, is that I *tried* to file an appeal, but the appellate court proved to be just as corrupt as the district court. Defendant argues that appeal should be the proper remedy, but appeal doesn't do jack squat if the appellate court is unwilling to actually review the district court decision. If they are also under Wal-Mart's thumb, they cease to be an appellate court and become a glorified rubber stamp authority, eliminating the sole justification for judicial immunity's oppressive nature. Remember this paragraph; we will be coming back to it later.

### A lack of details should not warrant dismissal; only an order for a more definite statement.

In response to Defendant's fifth, sixth, and seventh points, they allege that I have failed to provide any factual allegations. First of all, I thought that actual "proof" comes later in the case. Give me one chance, and I can file a motion for judgment on the administrative record to explain how the Court's actions were in bad faith and retaliatory. All I ask is one chance; I won't even need a discovery because Pacer has everything I need. Alternatively, afford me the opportunity to amend my complaint and provide more details of my accusations.

If the Defendant believes that I have failed to give any supporting factual allegations, the proper remedy is to file a motion for a more definite statement, instead of a motion to dismiss.

### Again, judicial immunity is inapplicable.

For Defendant's final point, they assert judicial immunity. However, I have already explained to this Court how judicial immunity does not apply in this case. See *Tenn. v. Lane*, 541 U.S. 509 (2004). I am not saying that this is how it should be; I am saying that this is how it already is.

Defendants attempt to claim that I am misinterpreting the case of *Tenn. v. Lane*, but that is simply not true. Lane filed suit against the Tennessee courts for failing to provide reasonable accommodations for his disability. The State of Tennessee moved to dismiss on the grounds of 11th Amendment immunity, which, since the state's judiciary were the Defendants, was essentially a plea of judicial immunity. Even if you could theoretically make the argument that the failure to provide reasonable accommodations was an administrative, rather than judicial, act, keep in mind that Lane was claiming the ADA violation proximately caused him the injury of being held in contempt for failure to appear, and that *is* a judicial action. Likewise, I am accusing the Defendant Courts of a retaliatory animus which proximately caused the adverse rulings. If I phrased it poorly in the original complaint, I apologize and, at the very least, request the opportunity to correct my mistake.

The State of Tennessee's assertion of immunity was the crux of the case, and was the question the Supreme Court was answering in this case. It coincided with a 14th Amendment question, but the 14th Amendment question stemmed from an 11th Amendment question.

If the majority opinion of the Supreme Court does not satisfy this Court that immunity was the crux of Tennessee's defense in that case, then try turning to the dissenting opinions!

"Today, the Court concludes that Title II of that [Americans with Disabilities] Act, §§ 12131-12165, does validly abrogate that [judicial] immunity." See *Id* at 538. "The **Eleventh Amendment** bars private lawsuits in federal court against an unconsenting State." See *Id* at 538. "Congress may overcome States' **sovereign immunity** and authorize such suits..." See *Id* at 538.

As this Court can clearly see, the case of *Tenn v. Lane* is indeed an abrogation of sovereign immunity, and since it applied to a court defendant, it is an abrogation of judicial immunity.

Furthermore, simply as a matter of principle, okay, yes, the doctrine of judicial immunity is binding precedent. But, do you know what else is binding precedent? The absurdity doctrine!

Think about it: What even *is* judicial immunity? What does it do? Protect the judiciary's independence? Independence from *what*?! The judiciary *isn't* independent; that is the crux of my case! This lawsuit is designed to *bolster* judicial independence by having the judiciary *not* be under the thumb of Corporate America! I am not the bad guy, here, people. I support the same things you support; I merely have enough common sense to realize that your methods of achieving these goals *aren't working*!

If this Court requires just a little more leverage regarding judicial immunity, there's also the simple fact that judicial immunity, in its present form, is unconstitutional. Ok, this one is a bit of a stretch, but try to bear with me.

Judicial immunity amounts to a violation of due process rights by allowing Courts to ignore them. Because it amounts to a violation of a fundamental right, strict scrutiny is needed in order to make it constitutional. To pass strict scrutiny, a law or rule must meet three criteria: It must serve a compelling governmental interest, be narrowly tailored to that interest, and be the least restrictive means of achieving that interest.

I concede that there is a compelling interest in judicial independence, but the judiciary has, historically, taken it with a grain of salt that there is no less restrictive means of securing judicial independence. Is that really the case, or has the judiciary simply not thought of a less restrictive means of achieving judicial independence, even though it exists?

Think about it: For millenia, people just accepted that they needed a king or other similar ruler (e.g. emperor, pharoah, etc.) to rule over them. Not until 1776 did anyone, anywhere, consider even the possibility of a representative democracy. Could the same problem exist with judicial immunity being the least restrictive means of achieving judicial independence?

If a judge being absolutely immune from suit of any kind is the only way to obtain judicial independence, then why do we have petitions for writs of mandamus? Is that not a situation in which you are bringing a claim directly against a judge?

Well, at the same time, there are certain safeguards in place to protect the respondent judge from harassment and intimidation. For starters, it is only allowed when an adequate remedy cannot be obtained on appeal. Furthermore, unlike traditional litigation, where a response is mandatory and failure to timely serve it results in automatic loss of the case (see FRCP 55), mandamus petitions flatly do not even *allow* a response by the respondent judge unless the appellate court asks for one. See FRAP 21(b)(4). This way, the respondent judge – whose independence must be protected – does not have to be any the wiser of the action brought against him unless the would-be plaintiff has already rebutted the presumption of good faith that should be protected. This avoids unnecessary harassment or intimidation while not avoiding necessary relief against improper judicial actions.

Don't you think that adopting a similar system, but for corrupt rulings that would otherwise be summarily dismissed pursuant to 28 U.S.C. § 352(b)(1)(ii), would be a less

restrictive means of securing judicial independence? If so, then this Court has agreed that judicial immunity in its present form cannot pass strict scrutiny, and thus, must be rejected as unconstitutional. Sure, we have the Judicial Conduct and Disability Act, but there are two fatal flaws: It not only fails to offer relief, but flatly mandates no relief, for complaints that in any way, shape, or form, directly relate to the merits of the case (e.g. a bad faith interpretation of law that is wholly incompatible with the plain meaning of it), and secondly, it fails to provide anything even remotely resembling an adequate remedy when the appellate court is equally as corrupt as the district court (remember, I said we'd be coming back to that one?).

But even that is by no means the only alternative I can think of that is less restrictive than simply "judge is immune no matter what." Imagine if a disinterested court (such as the District Court for the District of Columbia) could override the discretion of the FBI and issue an injunction directing the FBI Corruption Office to investigate my accusation of judicial corruption (yeah, I don't think I've mentioned that yet, but I tried to complain to the FBI, but they never even so much as contacted me for more details). Judicial immunity does not apply to criminal charges and it never has, so judicial intimidation cannot possibly be a factor. Therefore, if prosecutorial discretion were reviewable for abuse of discretion, in much the same way as judicial discretion is reviewable for abuse of discretion, that might help. It would be ineffective if the supposedly disinterested tribunal were also under Wal-Mart's thumb, but at least it would be a step in the right direction.

As you can see, there are many alternatives to absolute judicial immunity that are less restrictive to the litigants while still securing the judicial independence that judicial immunity seeks. Because there are less restrictive means to this end, judicial immunity cannot pass strict scrutiny and is thus unconstitutional.

For one last argument against immunity, (and I admit that this is a stretch, which is why I am including it last), judicial immunity creates a bit of a Catch-22. Think about it: Although precedent is supposed to be binding on the inferior courts (that is why it is called "binding precedent," is it not?), judicial immunity means that there are no consequences to the judge if he simply ignores it, anyway (and I'm not talking about mere legal error, even serious error. I'm talking about *knowing* the law, and simply ignoring it), unless it pertains to lack of jurisdiction. Ok, yes, I can file an appeal, but don't I already have that right, anyway, even if the case is not controlled by binding precedent? There is no *practical* difference between binding precedent, persuasive precedent, and lack of precedent altogether.

By that logic, however, this court would enjoy immunity if it were to ignore Defendant's plea of judicial immunity! Yes, I know that is a stretch, but really, if you think about it, is that not what I am accusing the Defendants of doing in the first place? They completely ignored my due process rights, as well as substantive law, instead substituting their own personal feelings. If they are immune from that, that means you can do the same thing in this case with the same immunity that they are trying to claim.

### Lack of jurisdiction over ADA claims should result in transfer, not dismissal.

The closest thing Defendant comes to making a valid argument is claiming that this court does not have jurisdiction over ADA claims. Even if this Court were to accept that argument, transfer, not dismissal, would be the appropriate action by this Court. Think about it: If this court lacks subject-matter jurisdiction in this case, then it would also lack jurisdiction to adjudicate the dispositive issues of the case, such as judicial immunity or failure to state a claim upon which relief can be granted, resulting in another Catch-22.

If this court opts to transfer the case, I request that it transfer the case to the U.S. District

Court for the District of Columbia. Venue would be proper in that court, pursuant to 28 USC § 1391(b)(1), because the Defendant (that is... the United States) is headquartered in that district, and I would prefer to not have this case in the 8th Circuit, as the judges there will almost certainly not be disinterested.

However, their contentions of lack of jurisdiction over ADA claims is simply not true.

### This Court has subject-matter jurisdiction in ADA claims.

The case of *Tenn. v. Lane* clearly shows that the ADA is a money-mandating statute (that is, assuming that my definition of a "money-mandating statute" is correct, that it is one that allows for the recovery of monetary damages to a victorious plaintiff), and so this court has jurisdiction. It is (1) a claim of money damages that is (2) founded upon an Act of Congress; thus, this Court has jurisdiction.

### Conclusion

In conclusion, Defendants' arguments either lack merit and/or simply do not warrant outright dismissal. Even Defendant's own arguments, even if accepted, would deprive this Court of subject-matter jurisdiction to decide them, placing this Court in another Catch-22. Therefore, Defendant's motion to dismiss should be denied.

*David Stebbins*
David Stebbins
123 W. Ridge St.
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com