IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAVID STEBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12-289C |
| | ) | (Judge Block) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
JUN 14 2012
U.S. COURT OF
FEDERAL CLAIMS

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 7.2(b)(2) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully submits this reply brief in response to Plaintiff's Response In Opposition To Motion To Dismiss filed by *pro se* plaintiff David Stebbins on June 8, 2012.

### BACKGROUND

In our motion to dismiss, we demonstrated that Mr. Stebbins fails to state a claim within this Court's jurisdiction — and, thus, the Court should summarily dismiss the complaint — for at least eight reasons.

First, Mr. Stebbins asks the Court to review decisions of Federal district courts, and the Court lacks jurisdiction to review such decisions. *See* Def. Mot. at 5. Second, Mr. Stebbins asserts a collateral attack on the judgments of other Federal courts, and this Court lacks jurisdiction to entertain those collateral attacks. *See id.* at 5-6. Third, Mr. Stebbins asserts claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, *et seq.*, and this Court lacks jurisdiction to hear such claims. *See id.* at 6. Fourth, Mr. Stebbins seeks injunctive relief that this Court is powerless to grant under the facts alleged. *See id.* Fifth, Mr. Stebbins fails to state a claim under the ADA based upon alleged retaliation by a district court in its

adverse judgment. *See id.* at 6-7. Sixth, Mr. Stebbins fails to state a claim of any kind that is plausible on its face. *See id.* at 7. Seventh, Mr. Stebbins fails to state a claim under the ADA because he does not fall within its remedy provisions. *See id.* at 7-8. Finally, Mr. Stebbins fails to state a claim because of judicial immunity. *See id.* at 8-9.

Mr. Stebbins's response demonstrates that dismissal is proper for any one of those eight reasons.

## ARGUMENT

Turning first to jurisdiction, Mr. Stebbins does not dispute that under *Joshua v. United States*, this Court lacks Tucker Act jurisdiction "to review the decisions of district courts . . . relating to proceedings before those courts." 17 F.3d 378, 380 (Fed. Cir. 1994). Rather, he argues that *Joshua* is distinguishable because it involved "a *Bivens* action, of sorts" rather than an ADA action. Pl. Resp. at 2. According to Mr. Stebbins, the court in *Joshua* merely held that "[t]he court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code and the due process and equal protection clauses of the Fifth Amendment do not provide for the payment of monies, even if there were a violation." Pl. Resp. at 1 (citing *Joshua*, 17 F.3d at 379).

The problem with Mr. Stebbins's argument is that he quotes the trial court decision, as recited by the United States Court of Appeals for the Federal Circuit. The Federal Circuit drew no distinction between *Bivens* actions, ADA actions, or any other type of district court proceeding. The court unequivocally held that Tucker Act jurisdiction does not confer jurisdiction upon this Court "to review the decisions of district courts . . . relating to proceedings before those courts." *Joshua*, 17 F.3d at 380. That holding binds this Court. It alone requires dismissal of the complaint.

There are more reasons, however, to dismiss the complaint for lack of jurisdiction. Mr. Stebbins does not dispute that his complaint involves a collateral attack on a district court's judgment. *See* Pl. Resp. at 1-2. Instead, he defends his ability to bring a collateral attack in this Court, arguing that "collateral attacks are valid when judicial immunity does not apply . . . ." Pl. Resp. at 2. Mr. Stebbins fails to overcome the Federal Circuit's holding that this Court cannot hear a collateral attack because it would "require[] the court to 'scrutinize the actions of' another tribunal." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (citations omitted). The Court routinely dismisses collateral attacks like the one here. *See, e.g., Ullman v. United States*, 64 Fed. Cl. 557, 571 (2005), *aff'd*, 151 F. App'x 941 (Fed. Cir. 2005); *see also Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001) (indicating that the proper course for a party dissatisfied with a bankruptcy court's decision was to seek judicial review in the district court, followed by the court of appeals, and not to institute a separate action in this Court).

The non-binding cases upon which Mr. Stebbins relies do not help his cause, because none of them involves a collateral attack. *See* Pl. Resp. at 2 (citing *Lopez v. Vanderwater*, 620 F.2d 1229 (7th Cir. 1980); *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980)). In *Vanderwater*, the United States Court of Appeals for the Seventh Circuit held that an Illinois circuit court judge who arraigned, convicted, and sentenced an accused without the assistance of a prosecutor, defense attorney, court reporter, or court clerk was entitled to judicial immunity from damages for that conduct, even though the judge was not assigned to sit in that particular branch of the court. 620 F.2d at 1234-35. The judge was entitled to absolute immunity because he was "authorized by law to hear the kind of case in which he acted . . . ." *Id.* at 1234. The judge was not entitled to absolute immunity, however, when he "acted as the prosecutor" by making the

3

decision to prosecute, determining the offense to be charged, and preparing the paperwork necessary to offer a guilty plea. *Id.* at 1235. The court in *Vanderwater* did not address, much less endorse, a plaintiff's ability to bring a collateral attack on an underlying judgment.

The United States Court of Appeals for the Ninth Circuit in *Rankin*, 633 F.2d 844, likewise did not address a collateral attack. That case involved a state judge's immunity from a civil rights lawsuit. *Id.* at 846. The court expressly overruled the decision in *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (*en banc*), holding that "[a]s long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." Instead of supporting Mr. Stebbins's argument that this Court can hear collateral attacks, these cases demonstrate why the complaint is barred by judicial immunity.

Mr. Stebbins contends that the Supreme Court in *Tennessee v. Lane*, 541 U.S. 509 (2004), "affirmed a collateral attack" and "upheld the Americans with Disabilities Act as a 'money-mandating' statute." Pl. Resp. 2. Mr. Stebbins is incorrect. In *Lane*, the Supreme Court considered the constitutionality of Title II of the ADA. It did not consider a collateral attack. Nor did it consider the Tucker Act. Thus, the Court had no occasion to decide whether the ADA is a money-mandating statute. To the contrary, courts have held that "Congress has not waived the Federal Government's sovereign immunity with regard to ADA claims." *Agee v. United States*, 72 Fed. Cl. 284, 289 (2006) (citations omitted); *Gray v. United States*, 69 Fed. Cl. 95, 102 (2005) (holding that "the United States has not waived its sovereign immunity to be sued under the ADA . . . [and the Court of Federal Claims] has no alternative but to dismiss plaintiff's ADA claim."); *McCauley v. United States*, 38 Fed. Cl. 250, 266 (1997) (holding that "the plaintiff has not shown any money-mandating provisions upon which to base her ADA claim"), *aff'd*, 152 F.3d 948 (Fed. Cir.), *cert. denied*, 525 U.S. 1032 (1998). To the extent Mr. Stebbins argues that

4

the Supreme Court in *Lane* "rejected judicial immunity," Pl. Resp. at 2, he appears to be referring to the Supreme Court's holding that states, including state courts, can be subject to money damages lawsuits under Title II of the ADA. 541 U.S. at 533-34. This case, however, does not involve a state court or even state action.

Mr. Stebbins next argues that "even if appeal is preferred over a collateral attack," he did in fact appeal but "the appellate court proved to be just as corrupt as the district court." Pl. Resp. at 2. According to Mr. Stebbins, the United States Court of Appeals for the Eighth Circuit ruled against him and affirmed the district court's judgment because the appellate judges are "under Wal-Mart's thumb." Pl. Resp. at 2. The complaint alleges no facts to demonstrate the presence of such an outside influence. But even if it did, Mr. Stebbins's dissatisfaction with the result of his appeal does not entitle him to bring a collateral attack in this Court.[1]

Even if Mr. Stebbins could assert a collateral attack, he cannot overcome judicial immunity. Mr. Stebbins appears to equate judicial immunity with a state's sovereign immunity under the Eleventh Amendment of the Constitution. *See* Pl. Resp. at 4. For example, when he cites a dissenting opinion in *Lane*, he replaces a reference to Eleventh Amendment immunity with a reference to judicial immunity. Pl. Resp. at 4 ("Today, the Court concludes that Title II . . . does validly abrogate that [judicial] immunity." (citing *Lane*, 541 U.S. at 538) (Rehnquist, C.J., dissenting) (brackets added by Mr. Stebbins)). These concepts, however, are different, and they cannot be used interchangeably in this case. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by

---

[1] In certain circumstances, this Court can entertain a collateral attack of a court-martial conviction in connection with a lawsuit for military back pay and related benefits. *See Moore v. United States*, 61 Fed. Cl. 146, 149 (2004) (citing cases). This case does not involve a court-martial conviction or a claim for military back pay and benefits.

Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, the Eleventh Amendment bars private lawsuits in Federal court against an unconsenting state. Judicial immunity, by contrast, refers to the "long-established principle" that judges "are not liable to civil actions for their judicial acts . . . ." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Because *Lane* involved sovereign immunity under the Eleventh Amendment, *see* 541 U.S. at 517, it does not represent "an abrogation of judicial immunity," Pl. Resp. at 4.

Although Mr. Stebbins disagrees with judicial immunity as a policy matter and challenges its constitutionality, *see* Pl. Resp. at 4-7, these arguments are foreclosed by binding precedent. The Supreme Court has recognized judicial immunity as a "long-established principle," *Stump*, 435 U.S. at 356, and it is undoubtedly the Supreme Court's province to "say what the law is," *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803). Indeed, at least one court has held that "[t]he principles of judicial and sovereign immunity are so well established today that any damages suit against a court or a judicial officer is surely frivolous." *Schneider v. Elko Cnty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1165 (D. Nev. 1998).

Mr. Stebbins next contends that "[t]his Court does not *need* 'Tucker Act' jurisdiction," Pl. Resp. at 1, because 28 U.S.C. § 1491(a) confers jurisdiction upon the Court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). He further argues that "[t]his Court has subject-matter jurisdiction [to hear] ADA claims," Pl. Resp. at 8, inasmuch as "a discrimination / retaliation claim is not a tort case; it is a civil rights case," *id.* at 1. There are at least two fundamental flaws with this argument. First, Mr. Stebbins's argument is circular because 28 U.S.C. § 1491(a) is the Tucker Act. Second, and more importantly, this Court has

6

repeatedly held that it lacks jurisdiction to hear ADA claims. *See* Def. Mot. at 6 (citing *Johnson v. United States*, 97 Fed. Cl. 560, 564 (2011) (citations omitted)). "The ADA is not a statute mandating payment by the United States." *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009). "Indeed, the ADA does not apply to the federal government as an employer and district courts hold exclusive jurisdiction over ADA claims." *Id.* Accordingly, Mr. Stebbins fails to meet his burden of establishing jurisdiction in this Court.

Mr. Stebbins next contends that the defects in his complaint should not warrant dismissal, but rather an order for a more definite statement. Pl. Resp. at 2. We did not move, however, for a more definite statement pursuant to RCFC 12(e). Such a motion is appropriate when a pleading is "so vague or ambiguous" that a party "cannot reasonably prepare a response." RCFC 12(e). We correctly understood that Mr. Stebbins attempts to assert a claim under the ADA. *See* Def. Mot. at 1 ("Mr. Stebbins filed this action pursuant to the [ADA] . . . ."); Pl. Resp. at 1 ("I really am presenting a separate cause of action: The Americans with Disabilities Act."). The claim falls outside of this Court's jurisdiction under well-established precedent. *See* Def. Mot. at 6. Thus, we properly moved to dismiss the complaint pursuant to RCFC 12(b)(1).

Alternatively, Mr. Stebbins asks the Court to afford him an opportunity to amend his complaint to provide "more details of [his] accusations." Pl. Resp. at 2. An amendment would be futile. Regardless of how detailed Mr. Stebbins makes his allegations, this Court lacks jurisdiction to hear ADA claims and collateral attacks on district court judgments. *See Cultor Corp. v. A.E. Staley Mfg. Co.*, 224 F.3d 1328, 1333 (Fed. Cir. 2000) (noting that "[f]utility of [a] proposed amendment is an adequate reason to deny leave to amend" (citations omitted)). In any event, Mr. Stebbins's request for leave to amend is misplaced because a dismissal of the complaint for lack of jurisdiction is generally without prejudice. "Without jurisdiction, the

7

Claims Court cannot presume to dismiss the complaint with prejudice." *Scott Aviation v. United States*, 953 F.2d 1377, 1378 (Fed. Cir. 1992) (citing *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)). Mr. Stebbins would be subject, however, to *res judicata* with respect to any jurisdictional determinations in this case.

Mr. Stebbins also argues that the Court should transfer his case to the United States District Court for the District of Columbia. Pl. Resp. at 7-8. Under the transfer statute, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought . . . ." 28 U.S.C. § 1631. "Thus, for a case to be transferred, three elements must be present: '(1) the transferring court must lack subject matter jurisdiction; (2) at the time the case was filed, the case must have been able to have been brought in the transferee court; and (3) such a transfer must be in the interest of justice.'" *Freeman v. United States*, 98 Fed. Cl. 360, 375-76 (2011) (citation and emphasis omitted).

A transfer is not warranted. Although Mr. Stebbins purports to assert an ADA claim, and district courts generally possess jurisdiction to hear such claims, we are aware of no court that has recognized an ADA claim of retaliation predicated upon a Federal district court's adverse ruling against a plaintiff. Mr. Stebbins cites none. Moreover, the doctrine of judicial immunity makes such a lawsuit highly unlikely to survive dismissal. A lawsuit seeking over $1 trillion in damages and alleging that Wal-Mart exerts undue influence on Federal judges, including all of the judges on the Court of Appeals for the Eighth Circuit, is also highly unlikely to meet the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, Mr. Stebbins fails

to show that the case could have been "brought in the transferee court" at the time it was filed, and the transfer would not be in the interest of justice. *Freeman*, 98 Fed. Cl. at 376.

Last month, this Court reached the same conclusion and declined to transfer another one of Mr. Stebbins's cases. *See Stebbins v. United States*, No. 12-296, -- Fed. Cl. --, 2012 WL 1664155, at *4 (Fed. Cl. May 14, 2012). There, the Court considered whether to transfer Mr. Stebbins's complaint against a different Federal judge who dismissed his civil case in the Northern District of California.[2] *Id.* at *1. The Court determined that it would not be in the interest of justice to transfer Mr. Stebbins's complaint because his claims were "unlikely to be meritorious in another court of the United States." *Id.* (citations omitted). Similar to the claims in *Stebbins*, Mr. Stebbins's claims in this case are unlikely to be meritorious in another Federal court.

Finally, Mr. Stebbins contends that dismissing this case would result in a "Catch-22." Pl. Resp. at 7. He argues that "[i]f this court lacks subject-matter jurisdiction . . ., then it would also lack jurisdiction to adjudicate the dispositive issues of the case, such as judicial immunity or failure to state a claim upon which relief can be granted . . . ." *Id.* The argument is misplaced. If this Court dismisses Mr. Stebbins's complaint for lack of jurisdiction, then it need not reach whether the complaint fails to state a claim. Dismissal would be warranted on the jurisdictional basis alone. For that reason, we moved to dismiss the complaint for failure to state a claim in the alternative. Thus, there is no Catch-22. Mr. Stebbins's failure to state a claim is nonetheless instructive in relation to his request to transfer this case to a Federal district court, because it underscores the complaint's overall lack of merit.

---

[2] Mr. Stebbins also sued the justices of the Arkansas Supreme Court. *See* Compl., *Stebbins v. Hannah, et al.*, No. 11-3058 (W.D. Ark. filed July 21, 2011), ECF No. 1. The court dismissed the case. *See* Order, *Stebbins. v. Hannah, et al.*, No. 11-3058 (W.D. Ark. Dec. 19, 2011), ECF No. 4.

9

## CONCLUSION

For these reasons, and for the reasons set forth in our motion to dismiss, the Court should dismiss the complaint for lack of jurisdiction or, in the alternative, for failure to state a claim.

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARTIN F. HOCKEY, JR.
Assistant Director

MICHAEL S. MACKO
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
   Attn: Classification Unit, 8th Floor
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-0184
Fax: (202) 514-8624
Michael.S.Macko@usdoj.gov

June 14, 2012

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of June, 2012, I caused to be placed in the United States mail (first-class, postage prepaid), copies of "Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss" addressed as follows:

David Stebbins, *pro se*
123 W. Ridge St.
Apt. D
Harrison, AR 72601

_____