**ORIGINAL**

# United States Court of Federal Claims

No. 12-289 C
July 9, 2012

**FILED**
**JUL 9 2012**
**U.S. COURT OF FEDERAL CLAIMS**

---

**David Stebbins,**

　　*Plaintiff,*

v.

**United States of America,**

　　*Defendant.*

*Pro se*, Lack of Jurisdiction; Motion to Transfer

---

*David Stebbins, pro se.*

*Michael Stephen Macko*, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## ORDER

*Pro se* plaintiff, David Stebbins, alleges that judges of the U.S. District Court for the Western District of Arkansas and the U.S. Court of Appeals for the Eighth Circuit have violated the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 by dismissing or failing to rule on his claims.[1] Compl. 1, ECF No. 1. Plaintiff contends that the courts' actions and inactions constitute retaliation, in violation of the ADA. Compl. at 2; *see Stebbins v. Wal-Mart Stores, Inc.*, No. 12-3022 (W.D. Ark. Filed Feb. 17, 2012). Plaintiff seeks injunctive relief, requests that the court rule on all prior cases in his favor, and seeks damages of approximately one trillion dollars. Compl. at 3.

Defendant has filed a motion to dismiss for lack of subject-matter jurisdiction.[2] Defendant lists numerous reasons why this case should be dismissed for a lack of subject-matter jurisdiction. Def's. Mot. at 5–9. It is unnecessary to go through each of defendant's justifications for dismissal. It is enough that this case can be dismissed for lack of subject-matter jurisdiction alone, since plaintiff has failed to point to a money-mandating basis other than the ADA. As to his allegations under the ADA, it is well-settled that district courts have exclusive

---

[1] Plaintiff has also submitted a Motion for Leave to Proceed *in forma pauperis*. For the limited purpose of assessing the court's jurisdiction, plaintiff's motion is granted.
[2] Defendant also filed a motion to dismiss for failure to state a claim upon which relief can be granted. That motion is moot because the court grants defendant's motion to dismiss for lack of subject-matter jurisdiction.

jurisdiction over those claims. *See United States v. King*, 395 U.S. 1, 3 (1969); *Jan's Helicopter Serv. Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008); Def's Mot. at 6 ("Federal district courts have exclusive jurisdiction over the ADA and Rehabilitation Act claims." (citing *Johnson v. United States*, 97 Fed. Cl. 560, 564 (2011) (citation omitted)). On this basis, the court lacks jurisdiction, and defendant's motion is granted.

Plaintiff has also filed a motion to transfer this case. Pl.'s Resp. 7, ECF No. 6. Under 28 U.S.C. § 1631, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. §1631. In this case, a transfer is not warranted because it is not "in the interest of justice." Plaintiff's claims are against judges who were acting in their official roles as judges and are thus protected by judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Plaintiff's claims are "unlikely to be meritorious in another court of the United States," and therefore plaintiff's request to transfer those claims is denied. *See Phane v. United States*, 87 Fed. Cl. 321, 330-33 (2009); *Schrader v. United States*, 103 Fed. Cl. 92, 101 (2012). The Clerk is directed to take the necessary steps to dismiss this matter.

IT IS SO ORDERED.

_____
Lawrence J. Block
Judge